UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

04 11441 WGY

| | |
|---|---|
| ALEXSANDRO FARIA )<br>  Petitioner )<br> )<br>  v. )<br> )<br> )<br>BRUCE CHADBORNE )<br>DISTRICT DIRECTOR )<br>U.S. IMMIGRATION AND )<br>CUSTOMS ENFORCEMENT )<br>  Respondent ) | MAGISTRATE JUDGE Alexander<br><br>RECEIPT # 56859<br>AMOUNT $ 5.00<br>SUMMONS ISSUED N/A<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK.<br>DATE 6/24/04 |

Now Comes the Petitioner:

1. The Petitioner, Alexsandro Faria, is a resident of Massachusetts, and is presently in the custody of the U.S. Immigration and Customs Enforcement Agency, at the Suffolk County Sheriff's Department (SouthBay), Boston, Massachusetts.

2. The Respondent, Bruce Chadborne, is the District Director for the U.S. Immigration and Customs Enforcement Agency, District of Boston.

JURISDICTION

3. Jurisdiction is granted to this United States District Court pursuant to 28 U.S.C. § 2241, a writ of habeas corpus can extend to a prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Oliva v. INS, 1999 WL 61818 (2nd Cir. 1999).

SUMMARY OF ISSUE

4. Whether the District Director can legally and constitutionally deport Petitioner while his Appeal on his

1

Motion to Reopen his removal proceedings based upon ineffective notice is still pending adjudication before the Board of Immigration Appeals.

## HISTORY OF PROCEEDINGS

5. The Petitioner is a native and citizen of Peru, who entered the United States near Roma, Texas and was not admitted or paroled.

6. Petitioner was served with the Notice to Appear in person on July 20, 2001. Although the Notice to Appear stated the proceedings would take place in Harlingen Texas, it stated the time and date of the proceedings were to be set.

7. Petitioner never received the Notice of Hearing in the mail. Petitioner was unaware there was a scheduled hearing on November 29, 2001.

8. Petitioner did not attend the November 29, 2001 removal proceeding because he was unaware of its date and time. During the November 29, 2001 hearing, the IJ ordered Petitioner removed in-absentia.

9. On or about May 1, 2004, Petitioner was detained and incarcerated by Immigration and Customs Enforcement.

10. On May 4, 2004, Petitioner filed, with the Harlingen, Texas, Immigration Court a Motion for Automatic Stay of Deportation and Motion to Reopen In-absentia Order of Removal Based on Ineffective Notice. The Motion to Reopen In-absentia Order of Removal Based on Ineffective Notice requested that Petitioner be given the opportunity to file a Memorandum of Law in Support of Motion to Reopen within 10 days of receipt of government file.

11. On May 26, Petitioner filed, with the Harlingen, Texas, Immigration Court a Motion to the Court Administrator to Obtain Copy of File, including an Entry of Appearance and a Freedom of Information Act Request and a Motion to File Memorandum of Law in Support of Motion to Reopen.

12. On May 28, 2004, the Motion to Reopen was denied.

13. On June 15, 2004, Petitioner filed a Notice of Appeal from a Decision of an Immigration Judge with the Board of Immigration Appeals.

14. This Writ of Habeas Corpus and Motion to Stay Removal follows.

## ANALYSIS

15. The Petitioner moves this Honorable Court to grant this request for habeas relief and stay removal pending the outcome of Petitioner's Appeal of His Motion to Reopen, filed with the Board of Immigration Appeals.

16. Deportation is not, the inevitable consequence of unauthorized presence in the United States. <u>Johns v. Department of Justice of U.S.</u>, 653 F.2d 884 (C.A.Fla., 1981.) The Attorney General is given discretion by express statutory provisions, in some situations, to ameliorate the rigidity of the deportation laws. <u>Id</u>. Even after a final order of deportation has been entered, the District Director can exercise discretion to afford aliens relief from deportation.

17. The Attorney General is also authorized to "withhold deportation" of any alien to any country if the alien's life or freedom would be threatened there on account of race, religion, nationality, membership in a particular social group, or political opinion. <u>Id</u>.

18. The Petitioner Contends that the Attorney General does not have the authority to execute removal where Petitioner's application for relief is still pending before the Immigration Judge.

19. In support of his petition, the Petitioner argues that there is a substantial likelihood that his case will be reopened and remanded to the Immigration Judge, where Petitioner received ineffective notice of hearing and is eligible for a petition filed pursuant to the Life Act before April 30, 2001.

3

CONCLUSION

20. Based upon the above stated facts, Petitioner prays that this court will grant his request for Habeas Corpus, where removal under the circumstances would amount to a violation of his Constitutional rights.

Respectfully Submitted,

*[signature]*

Jeff Ross, Esq.
Ross & Associates
20 Park Plaza, Suite 633
Boston, MA 02116
(617) 338-4040
BBO: 648972

I hereby certify that a true copy of the above document was served upon Office of the District Counsel, Department of Homeland Security, JFK Building, Room 425, 15 New Sudbury Street, Boston, MA 02203; Office of the Chief Counsel, DHS-ICE, P.O. Box 1711, Harlingen, TX 78551, the attorney of record for each party by mail on June 23, 2004.

*[signature]*

4